E-FILED
Friday, 06 August, 2021  02:23:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES FEDERAL DISTRICT COURT
## FOR CENTRAL ILLINOIS

MERVIN WOLFE, TAYLOR SCHOENEMAN,
and ANTHONY GOLDING,
Plaintiffs,


vs.

Coles County, IL State's Attorney's Office,
Coles County, IL Board,
and Illinois State's Attorney's Appellate Prosecutor's Office,
Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

NOW COMES the Plaintiffs and hereby file this complaint for declaratory

judgment.

## I.    JURISDICTION

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 as involving questions and controversies arising under the U.S. Constitution

and the federal laws and regulations arising thereunder, pursuant to 28 U.S.C.

§2201.

## II.    VENUE

2.    Venue is proper for Defendants pursuant to 28 U.S.C. § 1391(b)(1) because

Plaintiffs, the Defendants and government actors are located in Illinois.

3.    Venue is proper in the U.S. District Court for the Central District of Illinois

because all matters at issue and all decisions asserted arose from events that

1

took place within the City of Charleston, Illinois and Coles County, Illinois.

## III. THE PARTIES

4.    Plaintiffs Taylor Schoeneman, Mervin Wolfe and Anthony Golding.

5.    The State of Illinois is the government of the State of Illinois, with the Coles
County, IL Board, Coles County State's Attorney's Office, sometimes hereinafter
referred to as "CCSAO", and Illinois State's Attorney's Appellate Prosecutor's
Office, sometimes hereinafter referred to as "ILSAAP", acting on its behalf.

6.    In this case, all Defendants are sued only in their official capacities in this cause
to test the interpretation and constitutionality of the resolution between ILSAAP
and the Coles County State's Attorney's Office in providing for the allowance of
mingling work-product, staff and otherwise conflicted prosecutors with the
"unconflicted" ILSAAP Office acting as Special Prosecutors.

## IV. INTRODUCTION

7.    Plaintiffs seek declaratory judgment pursuant to Rule 57 of the Federal Rules of
Civil Procedure ("FRCP") and 28 U.S.C. §2201, et seq. to clarify Plaintiffs' rights
and obligations and to guide Plaintiffs in obeying the law without surrendering or
sacrificing their constitutional rights, civil rights, and legal rights.

8.    It should be clearly understood that Plaintiffs are calling for the repeal,
reconsideration, or over-turning of any contrary statutes or judicial precedence
as being unconstitutional and untenable; namely, the Resolution adopted by the
Coles County Board and ILSAAP with the signature of the Executive Director of

ILSAAP which purports to restrict Plaintiffs' constitutional rights under the Due

Process Clause right to a disinterested prosecutor and which Plaintiffs challenge

as unconstitutional, void for vagueness, and unconstitutional for over-breadth.

(See, attached, Coles County Board Resolution Passed on November 19, 2019,

and Coles County Board Resolution Passed on January 13, 2020, listed as Exhibit

A).

9.    Plaintiffs challenge the resolution between ILSAAP and CCSAO as

unconstitutional on its face as being overly broad and in conflict with the 5th

Amendment, 6th Amendment and 14th Amendment of the US Constitution and 5th

and 6th Amendment of the Illinois Constitution.

10.    Plaintiffs challenge the resolution between ILSAAP and the CCSAO as un-

Constitutional on its face as purporting to infringe on a right guaranteed to

Plaintiffs by the Sixth and Fourteenth Amendments to the U.S. Constitution.

11.    Plaintiffs challenge the resolution between ILSAAP and the CCSAO as un-

Constitutional as applied to a person as being "void for vagueness" and overly

broad in conflict with the Due Process clauses of the U.S. and Illinois

Constitutions and seek a declaratory judgment that is intended to hold any and

all future or ongoing actions under the unconstitutional portions of the Coles

County resolution as unlawful.

**V.    CAUSES OF ACTION REQUESTING DECLARATORY JUDGMENT**

12.    Because the case is focused on the constitutionality of the resolutions with the

3

County State's Attorney's Office and ILSAAP, the Complaint presents the legal

causes of action first. The Counts below rely upon the same governing

constitutional precedents and to reduce duplication the legal bases are presented

just once in the Memorandum section following after.

13.    Plaintiffs incorporate all the allegations, explanations, and specific details stated

within the Memorandum in Support of Plaintiff's Motion for Declaratory Relief

preceding this Motion as if set forth and alleged fully herein, and Plaintiffs rely

upon all such allegations to define and substantiate this Complaint for

Declaratory Judgment and Injunctive Relief.

**Count I**
**Coles County State's Attorney's Office has Assisted and Participated in the**
**Prosecution of Mervin Wolfe (after July 31, 2019)**

NOW COMES, MERVIN WOLFE, hereinafter sometimes referred to as the Plaintiff,

and by and through his Attorney, Todd M. Reardon, Petitions the Court for a Declaratory

Judgement, pursuant to 735 ILCS 5/2-701, and in support thereof states as follows:

14.    That there currently exists between the parties an actual controversy as that

term is used in 735 ILCS 5/2-701 and that the Plaintiff, originally through the

Coles County State's Attorney's Office, (hereinafter sometimes referred to as

CCSAO) and now through the Illinois State Appellate Prosecutor's Office

(hereinafter referred to as ILSAAP), has filed a criminal case against the Plaintiff,

Mervin Wolfe, alleging he violated the criminal code specifically by committing

720 ILCS 5/12-3, as charged a Class (A) Misdemeanor.

4

15.   That on or about July 31, 2019, the State's Attorney, Jesse Danley, filed a Motion
to Appoint a Special Prosecutor claiming a conflict of interest with this Plaintiff.

16.   That said Motion and appointment was originally granted ex-parte on or about,
August 1, 2019.

17.   That on August 14, 2019, the Plaintiff, Mervin Wolfe, filed a Motion to Disqualify
the Coles County State's Attorney from participating in the prosecution of Coles
County cause no. 2019CM297, People v. Mervin Wolfe, pursuant to the holding in
*Berger v. United States*, 295 U.S. 78, 88 (1935).

18.   That on August 14, 2019, the Plaintiff filed a Motion to Vacate the August 1,
2019 Order.

19.   That on August 21, 2019, the Court vacated the original Motion for Special
Prosecutor.

20.   That on or about September 11, 2019, the State filed a new Motion for the
Appointment of Special Prosecutor based on a conflict of interest.

21.   That on or about September 13, 2019, the Court entered a new Order for the
Appointment of Special Prosecutor and Order appointing an Attorney J. Mudge
from the ILSAAP office to represent the State of Illinois.

22.   That after September 13, 2019, the Coles County State's Attorney should have
ceased from any further action in this case based on its multiple requests for
Special Prosecutor which were granted twice based on a conflict of interest.

23.   That the Plaintiff avers that he has a Constitutional Rights to a disinterested

5

prosecutor that could not be provided by the Coles County State's Attorney's Office.  See, *Berger v. United States*, 295 U.S. 78, 88 (1935).

24.  That the Plaintiff avers that at all times since September 13, 2019, his Constitutional Rights to Due Process have been violated as the initial conflicted prosecutor, CCSAO, has continued to participate in his prosecution.

25.  That the Plaintiff avers that he has a Constitutional Rights to a disinterested prosecutor. See, *Berger v. United States*, 295 U.S. 78, 88 (1935).

26.  That the Plaintiff avers that the CCSAO continues to participate in this case by assisting the ILSAAP with the Prosecution of the Defendant including but not limited to, drafting and filing pleadings that ILSAAP adopts and acts upon, and that the "shared" staff of CCSAO continues to participate in this matter through the present.  (See attached, FOIA Response(s) from Coles County State's Attorney's Office, listed as Exhibit B)

27.  That ILSAAP has been appointed as conflict counsel in every case in which they have been appointed in Coles County. In addition to the case at bar, there are over two hundred other similarly situated conflicted criminal cases which are personal to Mr. Danley. Mr. Towne and Mrs. Mudge have been appointed as "conflict counsel", including the cases at bar.

28.  That the following emails demonstrate the flow of information and documents that occurred after September 13, 2019 between CCSAO and ILSAAP after the CCSAO had twice requested and twice received an Order to be replaced by

conflicted counsel:

A.    Email dated August 25, 2020 at 12:15 pm
      From Freda Burson to ILSAAP Chad Hilligoss
      Subject: Mervin Wolfe.
      Attachment: Misc Filings for Chad Hilligoss

B.    Email dated August 25, 2020 at 12:40 pm
      From ILSAAP Chad Hilligoss to Freda Burson
      Re: Mervin Wolfe
      "Thanks Freda I appreciate it."

C.    Email dated August 25, 2020 at 12:46 pm
      From Freda Burson to ILSAAP Chad Hilligoss
      Re: Mervin Wolfe
      "Your [sic] Welcome"

D.    Email dated Tuesday August 25, 2020 at 4:17 pm from Ronda Parker to
      Brian Towne Subject : Subpoena's in Wolfe Case
      "Dear Brian:
      *I have an extremely rough draft of the Motion to Quash.* Do your magic!
      (Smiley emoji)" (emphasis added)
      Attachment :  Motion to Quash Subpoenas.dox

E.    Email dated August 26, 2020 at 2:45 PM
      From Brian Towne to Freda Burson
      Re: subject Wolfe MTQ. "Hi Freda, If you could *please e-file this motion
      for me it would be greatly appreciated.* Call or email if you have any
      questions or concerns." (emphasis added)

F.    Email dated August 26, 2020 at 3:01 PM
      From Freda Burson to Brian Towne
      Re: subject Wolfe *MTQ.*
      "*Done!* your [sic] welcome!" (emphasis added)

G.    Email dated August 26, 2020 at 3:01 PM
      From Brian Towne to Freda Burson
      Re: subject Wolfe MTQ.
      "Thank you very much, I appreciate your help."

H.    Email dated September 28, 2020 at 3:55 PM
      From Ronda Parker to Brian Towne

Re: subject Wolfe Opinion
"Good Afternoon, Brian:
So can we now get this matter set for trial? Ronda
AWESOME! Well done , Counselor! Ronda

I.      Email dated Friday,  October 23, 2020 at 11:02 AM
        From Ronda Parker to Brian Towne
        Re: Subject Mervin Wolfe-Yet another Subpoena to States's Attorney
        "Dear Brian:
        Tommy Culp from Todd Reardon's Office delivered this subpoena to our
        office today."
        Attachment: Subpoena to Danley

J.      Email dated Friday, October 23, 2020 at 1:13 PM
        From Ronda Parker to Brian Towne
        Subject: Suggested Motion to Quash and Affidavit)
        "Dear Brian:
        Jesse has been subpoenaed to appear in Court on Monday morning.
        Please see attached response.! (See Attached Exhibit B the relevant
        emails)."
        Attachment: Affidavit of Jesse Danley and the Motion to Quash Subpoena-
        10-23-2020.dox

(See attached, FOIA Response(s) from Coles County State's Attorney's Office, listed as

Exhibit B)

29.    That CCSAO claims work-product privilege (on matters that it cannot be having

       work-product in) and investigative privilege with CCSAO's involvement in the

       conflicted cases appointed to Mr. Towne and Mrs. Mudge.

30.    That the court filings that follow were filed by the CCSAO E-Filing Account and/or

       computer:

       A.      An Entry of Appearance for Attorney Mudge (dated 10/2/19);

       B.      An Entry of Appearance for Attorney Towne (dated 10/28/19);

       C.      A Disclosure to Accused pursuant to Rule 412 (dated 10/29/19);

8

D.   A First Supplemental Disclosure to Accused (dated 10/30/19)

E.   An Affidavit of Jesse Danley (dated 4/22/20);

F.   A Response to Amended Motion for Substitution of Judge for Cause (dated 5/14/2020);

G.   A Second Supplemental Disclosure to Accused (dated 8/10/20);

H.   A Motion to Quash Subpoena (dated 8/26/20) which were created by CCSAO employees, created on CCSAO computers, the files of which are stored at the CCSAO after the Court found a conflict of interested existed.

(See attached, FOIA Response(s) from Coles County State's Attorney's Office, listed as Exhibit B)

31.   That no ethical screening exists, or could be enforced, which restricts Mr. Danley from gaining or using the above mentioned computer system by the nature of CCSAO and ILSAAP having shared staff, resources, work product, etc.

32.   That after the September 13, 2019, CCSAO continued to act with ILSAAP as follows:

A.   That on 10/2/19, an Entry of Appearance for Mudge was created and filed by CCSO Freda Burson on behalf of ILSAAP;

B.   That on 10/28/19, an Entry of Appearance for Towne was created and filed by CCSAO Freda Burson on behalf of ILSAAP;

C.   That on 10/29/19, a Disclosure to Accused pursuant to Rule 412 was created and filed by CCSAO Freda Burson on behalf of ILSAAP;

9

D.      That on 10/30/19, a First Supplemental Disclosure to Accused was created and filed by CCSAO Freda Burson on behalf of ILSAAP;

E.      That on 4/22/20, an Affidavit of Jesse Danley was prepared by CCSAO Ronda Parker at the request of ILSAAP;

F.      That on 5/14/20, the Affidavit of Judge O'Brien was filed in support of ILSAAP;

G.      That on 5/14/20, a Response to Amended Motion for Substitution of Judge for Cause was prepared by CCSAO and filed by CCSAO "shared" paralegal Freda Burson on behalf of ILSAAP;

H.      That on 8/10/20, a Second Supplemental Disclosure to Accused was prepared by CCSAO Freda Burson and filed by Freda Burson on behalf of ILSAAP;

I.      That on 8/26/20, a Motion to Quash Subpoena was prepared and filed by CCSAO.

(See attached, FOIA Response from Coles County State's Attorney's Office, listed as Exhibit B)

33.     That on 3/20/21, an Entry of Appearance was filed allegedly by ILSAAP and based on information and belief, as well as admitted past practices, that CCSAO participated in its drafting and/or its filing.

34.     That on 3/31/21, the People's Response to Motion to Disqualify ILSAAP was filed by ILSAAP and based on information and belief, as well as admitted past

practices, that CCSAO participated in its drafting and/or its filing.

35. That on 3/31/21, the People's Response to the Second Motion to Disqualify

Judge O'Brien was filed by ILSAAP; and based on information and belief, as well

as admitted past practices, that CCSAO participated in its drafting and/or its

filing.

36. That the emails, texts, phone calls, and in person conversations between ILSAAP

and CCSAO should be prohibited as ex parte communications, and stand in stark

contrast to representations by ILSAAP attorney, Mr. Towne's as to the nature of

ILSAAP's role in case no. 2019CM297:

> **MR. TOWNE:** Your Honor, could I just raise one point just so that the three of
> us are in agreement on this issue. As a special prosecutor when a conflict has
> been found and the State's Attorney has been removed from the case, we in
> essence become in their stead, um; I am more than happy to try to find all the
> information from all the subpoenas that he would like.  That is going to require
> me to talk to the State's Attorney who has a conflict in this case about those
> specific issues.  I'm fine with that.  I just want to make sure that the Court
> **MR. WOLFE:** I'm not.
> **MR. TOWNE:** -- and the defendant understand that that's how I will have to try
> to get it.  I mean I can -- I can do it exclusively in writing so everyone knows.
> **MR. WOLFE:** That would be awesome, yeah.
> **MR. TOWNE:** Uh, I can do it -- you know, I can go down, well, I guess we're on
> the third floor
> **MR. WOLFE:** I prefer in writing.
> **MR. TOWNE:** I can go across the hall and say I need these things for discovery.
> I just -- I don't want to be accused of improper conduct because I've been
> speaking with someone who has been conflicted out.

(See Attached, Transcript in Coles County Case No. 2019CM297 on December 5, 2019,

at pages 57-59, listed as Exhibit C).

37. That despite the representations made above to the Court by ILSAAP, the CCSAO

has continued to assist the ILSAAP in this prosecution since July 31, 2019, in that the CCSAO has continued to perform work against this Defendant with the blessing and co-operation of ILSAAP counsel.

38.   That CCSAO's co-operation of conflicted counsel and staff, particularly via the "shared" paralegal Ronda Parker, demonstrates that CCSAO began to immediately perform work on Plaintiff's, Mervin Wolfe's, civil actions in support of Jesse Danley's interests in Coles County cause no. 2019SC583, and in support thereof, Plaintiff states as follows:

A.   That on September 17, 2019, three days after being removed in 2019CM297, that CCSAO paralegal Ronda Parker contacted the Illinois Department of Natural Resources by telephone.

B.   That on September 17, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker emailed Ronda Brown of IDNR providing a "synopsis".

C.   That on September 18, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker received an email from Ronda Brown of IDNR.

D.   That on September 23, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker received an email from Tim Edwards of IDNR.

E.   That on September 23, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker sent an email to the Defendant.

F.   That on September 23, 2019, CCSO's and ILSAAP's "shared" paralegal Ronda Parker prepared a letter for Jesse Danley to the Defendant.

G. That on September 23, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker prepare a power of attorney naming the Defendant as Danley's agent in fact.

H. That on September 3, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker prepared and filed a Motion to Dismiss and for Sanctions for harassing the States Attorney Danley in Coles County cause no. 2019-SC-583.

I. That on September 3, 2019, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker prepared and filed a Motion to Dismiss and used the CCSAO and ILSAAP status to waive the appearance fee for the CCSA Danley in Coles County cause no. 2019-SC-583.

J. That on October 21, 2019, at 3:24 pm, CCSAO's and ILSAAP's "shared" paralegal Ronda Parker emailed the Defendant in Coles County cause no. 2019SC583 cc: Jesse Danley- States Attorney to set hearing dates

K. That on October 25th, 2019, the Notice of Hearing prepared by CCSAO's and ILSAAP's "shared" paralegal Ronda Parker and filed by CCSAO Ronda Parker into Coles County cause no. 2019-SC-583.

L. That on October 25th, 2019 CCSAO  maintained and shared a computer file on the Defendant titled, **f/Wolfe,Mervin/NoticeofHearing/rjp10-24-19** (emphasis added)

M. That on October 25th, 2019, an Affidavit of Attempted Compliance with

Local Court Rule IV(A)(I) prepared by CCSAO's and ILSAAP's "shared"

paralegal Ronda Parker and filed by CCSAO and ILSAAP paralegal Ronda

Parker into Coles County cause no. 2019-SC-583.

(See attached, FOIA Response(s) from Coles County State's Attorney's Office, listed as

Exhibit B)

39.   That in addition, the record(s) for 2020 reveals consistent cell phone contact

between Jesse Danley and Brian Towne as follows:

A.   11 minutes on 4/22/2020.

B.   4 minutes on 5/21/2020.

C.   9 minutes on 5/26/2020.

D.   8 minutes on 7/7/2020.

E.   5 minutes on 8/24/2020.

F.   9 minutes on 8/28/2020.

G.   1 minute on 12/7/2020.

H.   2 minutes on 12/7/2020.

I.   6 minutes on 12/7/2020.

J.   4 minutes on 1/11/21.

(See attached, FOIA Response(s) from Coles County State's Attorney's Office, listed as

Exhibit B)

40.   That on April 30, 2021, ILSAAP, by and through its Chief Deputy Director, David

Robinson, represented to the Court that the ILSAAP Office has authority to

14

shared staff, resources, and work product with every county in which said Office operates as prosecutor.

41. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office was within its Statutory authority to regularly have shared staff, resources, and work product with the conflicted counsel of any State's Attorney's Offices for which ILSAAP was appointed to be "unconflicted" counsel in their stead.

42. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office in fact had insufficient communication channels with CCSAO and that in the future, ILSAAP would be having more regular communications with CCSAO per the alleged Statutory authority and Coles County Resolution.

(See attached, Exhibit Transcript of Hearing for Motion to Disqualify ILSAAP as Prosecution, listed as Exhibit D)

WHEREFORE, the Defendant prays that this Court enter a Declaratory Judgment that the CCSAO has participated and assisted in the prosecution of this Defendant since September 13, 2019, with the acquiescence of ILSAAP.

15

**Count II**
**PETITION FOR INJUNCTIVE RELIEF**
**(For a Cease and Desist Order directing the State's**
**Attorney's Office cease any and all assistance and Participation in Coles**
**County Cause No. 2019CM297)**

NOW COMES, MERVIN WOLFE, hereinafter sometimes referred to as the Plaintiff, and by and through his Attorney, Todd M. Reardon, Petitions the Court to Enter an Injunction prohibiting the Coles County State's Attorney's Office from assisting in the prosecution of this Defendant, and in support thereof states as follows:

1-42.   That the Plaintiff re-alleges Paragraphs 1-26 of Count I and Count II of the facts alleged in the Petition for Declaratory Judgement as though fully set forth herein as Count III.

43.   That the Plaintiff lacks an adequate remedy at law forbidding the CCSAO from engaging in the assistance in the prosecution of cause 2019CM297, for which CCSAO has already been removed for conflict.

44.   That the Plaintiff has a clear ascertainable right under the United State's Constitution to have a conflict free and disinterested prosecution of his case, and that said right is currently not being protected and in fact is being violated.

45.   That the Plaintiff will suffer irreparable injury if the CCSAO is allowed to continue assisting in his prosecution.

46.   That Plaintiff's likelihood of success is great and the CCSAO has no reason to be involved assisting Prosecution of this matter.

WHEREFORE, the Plaintiff, Mervin Wolfe, prays that this Court enter a Cease and

16

Desist Order forbidding the CCSAO from further acts of participation and assistance in

the prosecution of this Defendant.

## Count III
### PETITION FOR  DECLARATORY JUDGEMENT
### Coles County State's Attorney's Office has Assisted and Participated in the Prosecution of Taylor Schoeneman (after January 14, 2019)

NOW COMES, Taylor Schoeneman, hereinafter sometimes referred to as the

Plaintiff, and by and through his Attorney, Todd M. Reardon, Petitions the Court for a

Declaratory Judgement, pursuant to 735 ILCS 5/2-701, and in support thereof states as

follows:

1-46. That the Plaintiff, Taylor Schoeneman, re-alleges Paragraphs 1-46 of Count I the

facts alleged in the Petition for Declaratory Judgement as though fully set forth

herein as Count III.

47.   That there currently exists between the parties an actual controversy as that

term is used in 735 ILCS 5/2-701 and that the Plaintiff, originally through the

Coles County State's Attorney's Office, (hereinafter referred to as CCSAO) and

now through the Illinois State Appellate Prosecutor's Office (hereinafter referred

to as ILSAAP), has filed a criminal case against the Defendant, Taylor

Schoeneman.

48.   That in Coles County cause no. 2018CF333, Taylor Schoeneman was

represented, albeit briefly and for the purposes of a Bond Hearing only, by Coles

County State's Attorney Jesse Danley, then a public defender appointed to

17

represent Defendant.

49.     That after this representation ceased, Taylor Schoeneman was appointed another
        public defender, hired numerous other counsel, and finally retained Plaintiff's
        current counsel both in the underlying cause on January 13, 2021, as well as this
        matter.

50.     That on December 18, 2018, then Coles County Assistant Public Defender Jesse
        Danley was appointed as interim Coles County State's Attorney pending Coles
        County State's Attorney Brian Bower's resignation of his Office later that same
        month to assume a position as Associate Judge for the Coles County Courthouse.

51.     That on January 14, 2019, a Motion to Continue and Motion for Appointment of
        Special Prosecutor was filed by the Coles County State's Attorney's Office due to
        Jesse Danley's prior representation of Taylor Schoeneman in the same cause as
        an appointed public defender.

52.     On February 19, 2019, an Order appointing Special Prosecution was entered,
        allowing the Appearance of Special Prosecutor, Jennifer Mudge, an Employee and
        Attorney for ILSAAP.

53.     That thereafter, either Special Prosecutor Jennifer Mudge or Special Prosecutor
        Brian Towne acted on behalf of the State in prosecuting Taylor Schoeneman in
        cause no. 2018CF333 as well as cause no. 2018CF446, although Taylor
        Schoeneman was never represented by Jesse Danley at any time in the latter
        case.

54. That Taylor Schoeneman was later charged in case no. 2019CF64, for which the Coles County State's Attorney's Office acted as the prosecution.

55. That on April 30, 2021, ILSAAP, by and through its Chief Deputy Director, David Robinson, represented to the Court that the ILSAAP Office has authority to shared staff, resources, and work product with every county in which said Office operates as prosecutor.

56. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office was within its Statutory authority to regularly have shared staff, resources, and work product with the conflicted counsel of any State's Attorney's Offices for which ILSAAP was appointed to be "unconflicted" counsel in their stead.

57. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office in fact had insufficient communication channels with CCSAO and that in the future, ILSAAP would be having more regular communications with CCSAO per the alleged Statutory authority and Coles County Resolution.

(See attached, Exhibit Transcript of Hearing for Motion to Disqualify ILSAAP as Prosecution, listed as Exhibit D)

58. That the Plaintiff avers that he has a Constitutional Rights to a disinterested prosecutor that could not be provided by the Coles County State's Attorney's Office. See, *Berger v. United States*, 295 U.S. 78, 88 (1935).

59.    That Taylor Schoeneman avers that at all times since the appointment of Special

Prosecutor on January 14, 2019, his Constitutional Rights to Due Process have

been violated as the conflicted CCSAO has continued and participated in his

prosecution.

60.    That Taylor Schoeneman avers that the CCSAO continues to participate in this

case by assisting the ILSAAP with the Prosecution of the Plaintiff, including but

not limited to, drafting and filing pleadings that ILSAAP adopts and acts upon,

that the "shared" staff of CCSAO continues to participate in this matter through

the present, and continues to share emails, texts, phone calls, and in person

conversations between ILSAAP and CCSAO that should be prohibited as ex parte

communications.

WHEREFORE, the Plaintiff, Taylor Schoeneman, prays that this Court enter a

Declaratory Judgment that the CCSAO has participated and assisted in the prosecution

of Taylor Schoeneman in Coles County cause no. 2018CF333 and 2018CF446 since

January 13, 2019, with the acquiescence of ILSAAP.

**Count IV**
**PETITION FOR  INJUNCTIVE RELIEF**
**(For a Cease and Desist Order directing the State's**
**Attorney's Office cease any and all assistance and Participation in Coles**
**County Cause No. 2018CF333 & 2018CF446)**

NOW COMES, TAYLOR SCHOENEMAN, hereinafter sometimes referred to as the

Plaintiff, and by and through his Attorney, Todd M. Reardon, Petitions the Court to

Enter an Injunction prohibiting the Coles County State's Attorney's Office from assisting

20

in the prosecution of this Plaintiff, and in support thereof states as follows:

1-60.   That the Plaintiff re-alleges Paragraphs 1-60 of Count I and Count II of the

facts alleged in the Petition for Declaratory Judgement as though fully set forth

herein as Count III.

61.   That the Plaintiff lacks an adequate remedy at law forbidding the CCSAO from

engaging in the assistance in the prosecution of cause 2018CF333, for which

CCSAO has already been removed for conflict.

62.   That the Plaintiff has a clear ascertainable right under the United State's

Constitution to have a conflict free and disinterested prosecution of his case, and

that said right is currently not being protected and in fact is being violated.

63.   That the Plaintiff will suffer irreparable injury if the CCSAO is allowed to continue

assisting in his prosecution.

64.   That Plaintiff likelihood of success is great and the CCSAO has no reason to be

involved assisting Prosecution of this matter.

WHEREFORE, the Plaintiff prays that this Court enter a Cease and Desist Order

forbidding the CCSAO from further acts of participation and assistance in the

prosecution of this Plaintiff.

**Count V**
**PETITION FOR  DECLARATORY JUDGEMENT**
**Coles County State's Attorney's Office has Assisted and Participated in the Prosecution of Anthony Golding (after January 25, 2021)**

NOW COMES, Anthony Golding, hereinafter sometimes referred to as the Defendant, and by and through his Attorney, Todd M. Reardon, Petitions the Court for a Declaratory Judgement, pursuant to 735 ILCS 5/2-701, and in support thereof states as follows:

1-64. That the Plaintiff re-alleges Paragraphs 1-64 of Count I the facts alleged in the Petition for Declaratory Judgement as though fully set forth herein as Count II.

65.    That there currently exists between the parties an actual controversy as that term is used in 735 ILCS 5/2-701 and that the Plaintiff, originally through the Coles County State's Attorney's Office, (hereinafter referred to as CCSAO) and now through the Illinois State Appellate Prosecutor's Office (hereinafter referred to as ILSAAP), has filed a criminal case against the Defendant, Anthony Golding.

66.    That on January 19, 2021, a Motion for Appointment of Special Prosecutor was filed by the Coles County State's Attorney's Office due to Anthony Golding's prior employment with the Coles County Sheriff's Department and regular involvement with the Coles County State's Attorney's Office.

67.    On January 25, 2021, an Order appointing Special Prosecution was entered, allowing the Appearance of Special Prosecutor, Jennifer Mudge, an Employee and Attorney for ILSAAP.

68.    That thereafter, either Special Prosecutor Jennifer Mudge or Special Prosecutor

Brian Towne acted on behalf of the State in prosecuting Anthony Golding in cause no. 2020CF667.

69. That on April 30, 2021, ILSAAP, by and through its Chief Deputy Director, David Robinson, represented to the Court that the ILSAAP Office has authority to shared staff, resources, and work product with every county in which said Office operates as prosecutor.

70. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office was within its Statutory authority to regularly have shared staff, resources, and work product with the conflicted counsel of any State's Attorney's Offices for which ILSAAP was appointed to be "unconflicted" counsel in their stead.

71. That on April 30, 2021, Chief Deputy of ILSAAP, David Robinson, represented to the Court that the ILSAAP Office in fact had insufficient communication channels with CCSAO and that in the future, ILSAAP would be having more regular communications with CCSAO per the alleged Statutory authority and Coles County Resolution.

(See attached, Exhibit Transcript of Hearing for Motion to Disqualify ILSAAP as Prosecution, listed as Exhibit D).

72. That the Plaintiff avers that he has a Constitutional Rights to a disinterested prosecutor that could not be provided by the Coles County State's Attorney's Office. See, *Berger v. United States*, 295 U.S. 78, 88 (1935).

23

73.    That Anthony Golding avers that at all times since the appointment of Special Prosecutor on January 14, 2019, his Constitutional Rights to Due Process have been violated as the conflicted CCSAO has continued and participated in his prosecution.

74.    That Anthony Golding avers that the CCSAO continues to participate in this case by assisting the ILSAAP with the Prosecution of Anthony Golding including but not limited to, drafting and filing pleadings that ILSAAP adopts and acts upon, that the "shared" staff of CCSAO continues to participate in this matter through the present, and continues to share emails, texts, phone calls, and in person conversations between ILSAAP and CCSAO that should be prohibited as ex parte communications.

WHEREFORE, the Plaintiff, Anthony Golding, prays that this Court enter a Declaratory Judgment that the CCSAO has participated and assisted in the prosecution of this Plaintiff since January 19, 2021 with the acquiescence of ILSAAP.

### Count VI
### PETITION FOR  INJUNCTIVE RELIEF
### (For a Cease and Desist Order directing the State's Attorney's Office cease any and all assistance and Participation in Coles County Cause No. 2020CF667)

NOW COMES, ANTHONY GOLDING, hereinafter sometimes referred to as the Plaintiff, and by and through his Attorney, Todd M. Reardon, Petitions the Court to Enter an Injunction prohibiting the Coles County State's Attorney's Office from assisting in the prosecution of this Plaintiff, and in support thereof states as follows:

24

1-74.   That the Plaintiff re-alleges Paragraphs 1-74 of Count I and Count II of the facts alleged in the Petition for Declaratory Judgement as though fully set forth herein as Count III.

75.   That the Plaintiff lacks an adequate remedy at law forbidding the CCSAO from engaging in the assistance in the prosecution of cause 2019CM297, for which CCSAO has already been removed for conflict.

76.   That the Plaintiff has a clear ascertainable right under the United State's Constitution to have a conflict free and disinterested prosecution of his case, and that said right is currently not being protected and in fact is being violated.

77.   That the Plaintiff will suffer irreparable injury if the CCSAO is allowed to continue assisting in his prosecution.

78.   That Plaintiff's likelihood of success is great and the CCSAO has no reason to be involved assisting Prosecution of this matter.

WHEREFORE, the Plaintiff prays that this Court enter a Cease and Desist Order forbidding the CCSAO from further acts of participation and assistance in the prosecution of this Defendant.

**Count VII**
**PETITION FOR DECLARATORY JUDGMENT**
**(For an Order declaring the Resolutions of November 19, 2019, and January 13, 2021 as violations of the Due Process clause of the US Constitution and an un-Constitutional Violation of Defendant Due Process Rights.)**

1-78.   That the Plaintiff re-alleges Paragraphs 1-78 of Count III of the facts alleged in the Petition for Declaratory Judgement as though fully set forth herein as Count

IV.

79.   That on or about January 12, 2021 or January 13, 2021. the CCSAO in conjunction with ILSAAP went before the Coles County Board and presented the attached resolution (See Attached Exhibit C1/C2)

80.   That the Resolution(s) (Exhibits A and B), which the ILSAAP has produced to obtain funding for its special prosecutions unit in Coles County is unconstitutional in that it deprives these Plaintiffs and other similarly situated parties Right To Due Process of having a disinterested prosecution, in that if the CCSAO's Elected Official, Jesse Danley, is conflicted out of a case that the conflict becomes firm-wide. [1]

81.   That the Resolution(s) purport to circumvent the Rules of Professional Conduct by allowing the sharing of staff, computers, research, evidence, thoughts, and theories with conflicted counsel and staff.

82.   That the Resolution attempts to usurp the Due Process Clause as well as the Illinois Supreme Court Rule's on Professional Conduct, and attempts to waive conflicts of interest.

WHEREFORE, the Defendant prays that this Court enter a Declaratory Judgment

---

[1]Definition of "Firm" [1] For purposes of the Rules of Professional Conduct, the term "firm" denotes lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers from a legal services organization or the legal department of a corporation **or other organization (County State's Attorney's Office)**.  See Rule 1.0(c). Whether two or more lawyers constitute a firm within this definition can depend on the specific facts. See Rule 1.0, Comments See Rule 1.10

that the Coles County Resolutions, passed on November 19, 2019, and January 13,

2020, respectively, as Unconstitutional in Violation of Plaintiff's 6th Amendment and 14th

Amendment Rights, Due Process Clause, in violation of the Illinois Supreme Court Rules.

## Count VIII
## PETITION FOR  INJUNCTIVE RELIEF
### (For an Order Enjoining the Above mentioned Resolution)

NOW COMES, Plaintiffs, hereinafter sometimes referred to as the Defendant, and

by and through his Attorney, Todd M. Reardon, Petitions the Court to Enter an

Injunction prohibiting the CCSAO from acting under this resolution and in support

thereof states as follows:

1-82.  That the Plaintiffs re-alleges Paragraphs 1-82 of Count IV of the facts alleged in

the Petition for Declaratory Judgement as though fully set forth herein as Count

IV.

83.  That the Resolution form which the ILSAAP has produced to obtain funding for

its Special Prosecution unit in Coles County is un-Constitutional in that it deprives

this and other situated persons to the right to a non-conflicted prosecutor.

84.  That the Resolution(s) purports to circumvent the Rules of Professional Conduct

by allowing the sharing of staff, computers, research, evidence, thoughts, and

theories with conflicted counsel and staff.

85.  That the Resolution(s) has codified and created a conflict of interest in using

shared staff and documents on case in which the appoint is for a conflict of

interest.

86. That the Plaintiffs lack an adequate remedy at law forbidding the CCSAO from acting on the above resolution.

87. That the Plaintiffs have a clear ascertainable right under the United State's Constitution to have a conflict free and disinterested prosecution of his case, said right is currently not being protected and in fact is being violated.

88. That the Plaintiffs will suffer irreparable injury if the CCSAO is allowed to act under the un-Constitutional Resolution.

89. That Defendant likelihood of success is great and the CCSAO has no justification to be acting under an un-Constitutional Resolution.

WHEREFORE, the Plaintiffs prays that this Court enter a Cease and Desist Order forbidding the CCSAO from further acts of participation and assistance in the prosecution of this Defendant under the Unconstitutional Resolution.

## Count IX
## PETITION FOR INJUNCTIVE RELIEF
### (For a Temporary Order Enjoining any further participation of ILSAAP or CCSAO in the Prosecution of Plaintiffs pending this Court's Proceedings)

NOW COMES, Plaintiffs, hereinafter sometimes referred to as the Defendant, and by and through his Attorney, Todd M. Reardon, Petitions the Court to Enter an Injunction prohibiting the CCSAO from acting under this resolution and in support thereof states as follows:

1-89. That the Plaintiffs re-alleges Paragraphs 1-89 of Count IV of the facts alleged in the Petition for Declaratory Judgement as though fully set forth herein as Count

IV.

90.   That the Resolution form which the ILSAAP has produced to obtain funding for

its Special Prosecution unit in Coles County is un-Constitutional in that it deprives

this and other situated persons to the right to a non-conflicted prosecutor.

91.   That the Resolution(s) purports to circumvent the Rules of Professional Conduct

by allowing the sharing of staff, computers, research, evidence, thoughts, and

theories with conflicted counsel and staff.

92.   That the Resolution(s) has codified and created a conflict of interest in using

shared staff and documents on case in which the appoint is for a conflict of

interest.

93.   That the Plaintiffs lack an adequate remedy at law forbidding the CCSAO and

ILSAAP from acting on the above resolution in the further Prosecution of

Plaintiffs..

94.   That the Plaintiffs have a clear ascertainable right under the United State's

Constitution to have a conflict free and disinterested prosecution of his case; said

right is currently not being protected and in fact is being violated.

95.   That the Plaintiffs will suffer irreparable injury if the CCSAO and ILSAAP is

allowed to act under the un-Constitutional Resolution in the further Prosecution

of Plaintiffs.

96.   That Defendant likelihood of success is great and the CCSAO and ILSAAP have

no justification to be Prosecuting Plaintiff's under an un-Constitutional Resolution

that allows for the sharing of staff, computers, research, evidence, thoughts, and

theories with conflicted counsel and staff.

WHEREFORE, the Plaintiffs prays that this Court enter a Temporary Order

Enjoining the CCSAO and ILSAAP Offices from further acts of participation and

assistance in the prosecution of Plaintiffs pending this Court's Proceedings.

Respectfully Submitted

*/s/Todd M. Reardon*
Todd M. Reardon, Attorney for Plaintiffs