IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR CENTRAL ILLINOIS

MERVIN WOLFE, TAYLOR SCHOENEMAN,
and ANTHONY GOLDING,
Plaintiffs,

vs.

Coles County, IL State's Attorney's Office,
Coles County, IL Board,
and Illinois State Appellate Prosecutor's Office,
Defendants.

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR DECLARATORY RELIEF

Plaintiffs challenge the resolution between ILSAAP and the Coles County State's Attorney's Office as unconstitutional on its face and in conflict with the 6th Amendment Rights of the Illinois Constitution and 6th and 14th Amendment Rights of the U.S. Constitution respectively.

As a preliminary framework, Illinois Supreme Court Rule 1.7, in addressing concerns of conflicts of interest, reads as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) *there is a significant risk* that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;

31

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent.

Rule 1.7 - Conflict of Interest: Current Clients, Ill. Sup. Ct. R. 1.7

In general, a lawyer has a conflict of interest when the lawyer's self-interest or the interests of another adversely affect the lawyer's representation of the client. However, unlike private attorneys, the State's Attorney's Office's duty to avoid conflict is better represented by personal disinterest in the faithful execution of the prosecutor's fiduciary duties rather than loyalty to a client. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 814.  (See, *Wright v. United States*, 732 F.2d 1048, 1056 (2d Cir. 1984) ("[The prosecutor] is not disinterested if he has . . . an axe to grind against the defendant, as distinguished from the appropriate interest that members of society have in bringing a defendant to justice with respect to the crime with which he is charged."

Here, such possibility was in fact recognized by the Coles County State's Attorney's Office, according to its own representations as well as the record(s) for Coles County Cause no. 2019CM297, 2018CF333, 2018CF446 and 2020CF667, in which the Coles County State's Attorney filed a Motion for Appointment of Special Prosecutor in each separate cause of action, requesting a Special Prosecutor to replace and proceed instead of the Coles County State's Attorney's Office due to the conflict of interest admitted within each case. That by the Coles County State's Attorney's Office own representations, each request in the above-mentioned underlying cases was for a total

replacement of prosecutors, in that its own staff, including all assistant state's attorneys, were deemed conflicted in their entirety from prosecuting said cases. However, even if this representation were not made in reference to recusing the entire State's Attorney's Office, (See, e.g., McLaughlin v. Payne, 761 S.E.2d 289, 294 (Ga. 2014)). This authority along with the State's Attorney's own Motion(s) for the same reflect that the representations and actions by the Coles County State's Attorney's Office were appropriate given the conflicts between each named Plaintiff above.

However, both during and after these representations, coordination and communications between the self-declared conflicted prosecutor, the Coles County State's Attorney's Office, and the newly appointed prosecutor, ILSAAP, in fact *only continued*, and was further reinforced and legitimized based on the actions of the Coles County Board, whom on January 13, 2021, well after the initiation of cause no. 2019CM297, *People v. Mervin Wolfe*, where allegations of this behavior had already been raised by Mervin Wolfe *and rebutted* by Attorney Brian Towne on behalf of ILSAAP denying such conduct, passed a "RESOLUTION", seemingly making into law uninhibited exposure between the local State's Attorney's Office and ILSAAP in the sharing of staff, computers, research, evidence, thoughts, and theories with conflicted counsel. It is Plaintiffs' position, based on information and belief, as well as the unrequited position of Defendants in this matter, that this uninhibited dynamic between these agencies continues into the present.

Pursuant to the 6th Amendment, Plaintiffs have a Constitutional Right to a fair

33

trial, including but not limited to a fair prosecutor, whose interest is "that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 89 (1935).

As for the authority that ILSAAP relies on, "[a]ttorneys hired by the [ILSAAP] Agency are not constitutional officers. Their powers are derived from the enacting statute, and those powers are strictly limited by the authority conferred upon the Agency by our state legislators. *Sidden v. Industrial Comm'n*, 304 Ill. App. 3d 506, 510-11, 711 N.E.2d 18, 21 (1999). As part of these statutorily derived powers, ILSAAP may be appointed upon an Order by a court having jurisdiction. To be effective, the order appointing the Office or its attorneys as Special Prosecutor must (i) identify the case and its subject matter and (ii) state that the Special Prosecutor serves at the pleasure of the Attorney General, who may substitute himself or herself as the Special Prosecutor when, in his or her judgment, the interest of the people of the State so requires; said appointments may be for assisting the requesting State's Attorney's Office, or replacing the State's Attorney's Office in prosecuting the matter altogether due to conflicts of interest between the prosecuting Attorney or office. (See, 725 ILCS 210/4.01(b)).

Here, it is uncontroverted that ILSAAP was appointed to hundreds of cases in Coles County alone, for which all requests have been uniformly for the replacement of the State's Attorney with a non-conflicted prosecutor. This procedure availed by 725 ILCS 210/4.01 of the State's Attorneys Appellate Prosecutor's Act is a useful administrative tool, beyond mere judicial economy, to maintain the right to a disinterested, non-conflicted prosecutor, and that upon such a determination of a conflict of interest, that "a special prosecutor should be appointed to avoid the appearance of impropriety and to preserve the integrity of the court." *People v. Lang*, 346 Ill. App. 3d 677, 805 N.E.2d 1249, 282 Ill. Dec. 232 (Ill. App. 2004) (See *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 161 n.3 (1994) (Scalia, J., dissenting) ("Wise observers have long understood that the appearance of justice is as important as its reality"). In tandem it is clear that Judicial precedence consistently highlights the role of *prosecutor* as being she who is "appointed solely to pursue the public interest in vindication of the court's authority" *Vuitton*, supra, at 804 (1987).

In relation to this precedent, Defendants stand in stark contradiction, as while Attorney Brian Towne previously acknowledged on the record in 2019CM297 that it was ILSAAP's position to avoid the appearance of impropriety, subsequent representations by attorneys of the same agency have insisted on drastically broader discretion, not least of which has been provided by Chief Deputy of ILSAAP, David Robinson, who stated on April 30, 2021, as follows:

Judge, as the State points out in our motion, um, this is precisely the protocol

that's used in Cook County through Alexander County and from river to river and it's precisely the protocol that is envisioned by statute. Everything that transpired in this case, as well as to my knowledge every other case in this county, has been done in the proper way, pursuant to statute, and the way that it's been done.

Furthering this position, Chief Deputy David Robinson elaborated:

There has been some communication with the State's Attorney's office that happens in every case and as we point out in our motion, our response, that that's exactly the protocol that is anticipated and presumed and understood by our Supreme Court and the General Assembly. That's what the statutes all about. That's why our agency was created. That's what we're supposed to do. There is literally no way for our agency to function as a special prosecution unit unless there is some communication with the State's Attorney's office.

(See attached, Exhibit Transcript of Hearing for Motion to Disqualify ILSAAP as Prosecution, listed as Exhibit D)

Although somewhat nebulous in whether these representations were in regards to the Resolution or other issues, due in part to Chief Deputy David Robinson never addressing the Resolution(s) by name or discernible reference, these representations by the ILSAAP Chief Deputy are nonetheless the only argument ever raised to justify the Coles County Resolution passed on November 19, 2019, and January 13, 2020, despite both Resolutions referring to the ILSAAP Office in its opening statement and summary purpose, as well as declaring "legal" the sharing of staff, computers, research, evidence, thoughts, and theories from the Coles County State's Attorney's Office and provide ILSAAP with an apparent memorialization of what Chief Deputy Director David Robinson claimed as "the protocol that's used in Cook County through Alexander County and from river to river". Contrary to this purported protocol then, it is Plaintiffs' position

36

that the passing of these County Ordinances was an attempt to provide a false sense of legitimacy to a clear violation of Plaintiffs', and others, Constitutional Rights, and that Defendants' rationale on April 30, 2021, that the existing statutory authority already allowed for these uninhibited interactions is still indefensible as this then gives *less cause* as to why County Ordinances were passed on November 19, 2019, and January 13, 2020, respectively, that would superfluously repeat statutory authority.

Therefore, even when presented with these underlying Constitutional violations, the apparent circular reasoning raised in rebuttal by these agencies leaves Plaintiffs with no other rational presumption to make than that ILSAAP and the Coles County State's Attorney's Office, far from being able to provide authority, have become resolute in defending these past errors, with the November 19, 2019, and January 13, 2020, Coles County Resolutions being a ludicrous attempt to circumvent the US and Illinois Constitutions with via County Ordinance. That such a Resolution was even entertained being drafted, let alone now passed as the "law" of Coles County, only highlights the extreme divergence of which these agencies have taken in trying to justify, if not simply conceal, the flagrant and ongoing constitutional violations not only within Coles County, but perhaps by Chief Deputy Director David Robinson's own representations, "the protocol that's used. . . from river to river" at least insofar as ILSAAP is present there.

Respectfully Submitted
/s/Todd M. Reardon
Todd M. Reardon, Attorney for Plaintiffs
Todd M. Reardon #6238998
518 Sixth Street
Charleston, IL 61920
(217) 345-5291
toddmreardon@outlook.com