UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MERVIN WOLFE, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-02206-CSB-EIL |
| | ) | |
| vs. | ) | |
| | ) | |
| COLES COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF PENDING MOTIONS TO DISMISS**

NOW COMES Defendant ILLINOIS OFFICE OF STATE'S ATTORNEYS APPELLATE PROSECUTOR ("SAAP"), and for its Motion to Stay Discovery Pending Resolution of Pending Motions to Dismiss states as follows:

**Introduction**

On August 6, 2021, Plaintiffs filed a nine-count complaint for declaratory judgment and injunctive relief against the Coles County State's Attorney's Office, Coles County IL Board, and the Illinois State's Attorney's Appellate Prosecutor's Office. The three Plaintiffs in this case are all Defendants in ongoing state criminal proceedings pending in the Fifth Judicial Circuit, Coles County, Illinois. (Doc. 1, ¶¶ 17, 53, 65, 68). Plaintiffs seek a declaratory judgment that the Coles County State's Attorney has participated and assisted in their prosecution with the acquiescence of SAAP. (Doc. 1, Counts, I, III, and V, Prayers for Relief). Plaintiffs also request an injunction prohibiting the Coles County State's Attorney from participating and assisting in their prosecution. (Doc. 1, Counts II, IV, and VI, Prayers for Relief). Plaintiffs further request declaratory relief that an agreement entered into between Coles County and SAAP violates their due process rights as

well as an injunction prohibiting their prosecution. (Doc. 1, Counts VII-IX).

On September 28, 2021, Defendants Coles County, IL State's Attorney's Office and Coles County, IL Board, filed a motion to dismiss pursuant to the *Younger* abstention doctrine and also arguing the complaint fails to state a claim for which relief can be granted. (Doc. 12). On October 1, 2021, SAAP filed a motion to dismiss and memorandum of law, arguing the complaint should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1) pursuant to the *Younger* abstention doctrine, and in the alternative, the complaint fails to state a claim upon which relief can be granted and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6). (Doc. 16). The Defendants' motions to dismiss are currently pending. On October 1, 2021, the Court adopted the deadlines set forth in the Parties' Agreed Report of Rule 26(f) Planning Meeting, setting forth various discovery deadlines with a discovery closure date of April 1, 2022. (October 1, 2021 Text Order).

On February 18, 2022, the Coles County State's Attorney's Office and Coles County Board filed a motion to stay discovery until resolution of pending motions to dismiss. (Doc. 28). For the reasons set forth herein, SAAP also requests this Court issue an order staying discovery pending resolution of the pending motions to dismiss.

## **Legal Standard**

This "[c]ourt has broad discretion in deciding whether to stay proceedings." *Hunsberger v. State Farm Mut. Auto. Ins. Co.*, 2021 U.S. Dist. LEXIS 115065, *7 (C.D. IL June 21, 2021), citing Fed. R. Civ. P. 26(c) and (d). "The relevant factors in considering whether to stay an action are: '(i) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Hunsberger*, 2021 U.S. Dist. LEXIS 115065, at *7, quoting *Markel v. American ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779

(N.D. Ill. May 11, 2011). "[W]hether a stay should be granted is determined by the facts of a particular case." *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 U.S. Dist. LEXIS 62168, *3 (C.D. Ill. May 6, 2014).

### **Argument**

The facts of this particular case weigh in favor staying discovery pending resolution of the pending motion to dismiss.

First, a stay will not unduly prejudice or tactically disadvantage Plaintiffs. Plaintiffs' complaint was filed only a little over six months ago. To date the parties have not exchanged discovery. Nor have the parties taken any depositions. The discovery will not resolve the *Younger* abstention issue presented by this case. That issue can be resolved with the information provided in and with the Defendants' motions to dismiss. Second, a stay pending the Court's determination on the motions to dismiss will simplify the issues and potentially streamline a trial. If Defendants prevail on their motions to dismiss there may not be a need for a trial if the Court finds it does not have jurisdiction over Plaintiffs' federal constitutional claims that call into question their ongoing state criminal court proceedings or that the complaint fails to state a claim upon which relief can be granted.  Third, a stay will reduce the burden of litigation on the parties. As noted, the parties have not exchanged discovery yet. A stay will eliminate the need for the parties to engage in written discovery and depositions until the Court rules on the pending motions to dismiss.

The present lawsuit arises from multiple and ongoing criminal proceedings in Coles County against Plaintiffs.[1] Plaintiffs claim these criminal proceedings violate their constitutional right to due process and asks this Court from declaratory and injunctive relief. Plaintiffs' lawsuit is an attempt to compel adjudication of claims that would inject a federal court into contested and

---

[1] These criminal prosecutions are outlined in SAAP's motion to dismiss. (Doc. 16, pp. 4-5).

going criminal proceedings. Additionally, Plaintiffs should not be allowed to schedule discovery depositions of those who are prosecuting them in their State court proceedings while at the same time being able to invoke their right against self-incrimination if Defendants schedule their depositions. Given the outcome of the pending motions to dismiss will significantly affect and impact the scope of and/or necessity for potential discovery, Defendant SAAP agrees with the co-Defendants that this Court should exercise its discretion and stay discovery.

WHEREFORE, for the above and foregoing reason, Defendant SAAP respectfully requests this Honorable Court stay discovery in these proceedings pending resolution of the pending motions to dismiss.

Respectfully submitted,

ILLINOIS OFFICE OF STATE'S ATTORNEYS APPELLATE PROSECUTOR,

Defendant,

KWAME RAOUL, Attorney General
State of Illinois,

Attorney for Defendant,

By: s/ Thomas R. Ewick
    Thomas R. Ewick, #6279084
    Assistant Attorney General

Thomas R. Ewick, #6279084
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 785-4555
Fax: (217) 524-5091
E-Mail: Thomas.Ewick@ilag.gov

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| MERVIN WOLFE, et al,           ) | |
|                                ) | |
|         Plaintiffs,            ) | Case No. 21-02206-CSB-EIL |
|                                ) | |
| vs.                            ) | |
|                                ) | |
| COLES COUNTY STATE'S           ) | |
| ATTORNEY'S OFFICE, et al.,     ) | |
|                                ) | |
|         Defendants,            ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 27, 2022, the foregoing document, ***Motion to Stay Discovery Pending Resolution of Pending Motions to Dismiss***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Todd Reardon                      todd.reardon@outlook.com
    Bryan Smith, Esq.               Bsmith@heylroyster.com
    Bryan Vayr, Esq.                bvayr@heylroyster.com

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant(s):

                          NONE

                        Respectfully submitted,

                        By: s/ Thomas R. Ewick
                            Thomas R. Ewick, #6279084
                            Assistant Attorney General
                            500 South Second Street
                            Springfield, Illinois 62701
                            Phone: (217) 785-455
                            Email: Thomas.Ewick@ilag.gov